MATTER OF LEWIS

SHAW *v.* PIMPLETON

1. CONTEMPT—ATTORNEY AND CLIENT—TRIAL—NOTICE—FAILURE TO APPEAR.

Attorney's voluntary appearance at a show cause hearing to determine whether he should be assessed court costs for failure to appear for trial after he had received notice of the trial date waived the issue of whether his absence at trial constituted a contempt out of the presence of the court which required the filing of an affidavit alleging contumacious conduct (MCLA § 600.1711, GCR 1963, 760.1).

2. CONTEMPT—ATTORNEY AND CLIENT—TRIAL—NOTICE—FAILURE TO APPEAR—CONTEMPT—STATUTES.

Trial judge was within his statutory authority in holding attorney of record in contempt of court for failure to appear for trial after he had received notice of the trial date because his failure to appear constituted a violation of his duty as a court officer, consequently, the question of whether his nonappearance constituted a contempt out of the presence of the court, thus necessitating the filing of an affidavit alleging contumacious conduct, was moot (MCLA § 600.1701; GCR 1963, 760.1).

3. CONTEMPT—ATTORNEY AND CLIENT—TERMINATION OF EMPLOYMENT—TRIAL—FAILURE TO APPEAR.

Assessment of court costs against attorney of record for failure to appear for trial after notice of trial date was given to him was not an abuse of discretion, even though his client had discharged him before trial thus terminating the agency existing in the attorney-client relationship, because the attorney, although he was no longer an agent, was still an officer of the court who owed a duty to inform the court of

---

REFERENCE FOR POINTS IN HEADNOTES

[1-3] 7 Am Jur 2d, Attorneys at Law §§ 20, 31.

any reason why he would not appear for trial and it was for the breach of this duty that he was adjudged in contempt and assessed court costs.

Appeal from Kent, John H. Vander Wal, J. Submitted Division 3 May 7, 1970, at Grand Rapids. (Docket No. 6,822.) Decided June 1, 1970.

Alphonse Lewis, Jr., attorney of record for defendant in Geneva Shaw v. Otis Pimpleton, was found in contempt of court for failure to appear for trial. Lewis appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *James K. Miller*, Prosecuting Attorney, and *Wesley J. Nykamp*, Chief Appellate Attorney, for Kent County.

*Alphonse Lewis, Jr., in propria persona.*

Before: HOLBROOK, P. J., and BRONSON and MUN-RO,* JJ.

PER CURIAM. Alphonse Lewis, Jr., is a practicing attorney in this state. He was retained by defendant Pimpleton to represent him in the instant case and in a second matter as well. Appellant Lewis filed several papers in the present case and was the attorney of record when, in August, 1968, he was informed by Mr. Pimpleton that he was being discharged as attorney in both matters. Later that same month, appellant received a stipulation as to a substitution of attorneys in the second matter. This was duly signed by appellant and filed with the court. No such substitution was filed in the present case.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

In October, 1968, appellant was given notice of a trial date in this matter. He neither informed the trial court that he had been discharged nor sought a court order allowing for his withdrawal from the case. He did send a letter to the defendant seeking instructions. This letter went unanswered.

On the trial date, all parties were present and ready, with the exception of appellant.* The trial judge ordered a show-cause hearing to be held to determine whether appellant should be assessed court costs of $150. The hearing was held, witnesses called, and appellant given an opportunity to be heard. The trial judge determined that appellant's conduct was contemptuous and assessed the above costs.

On appeal, attorney Lewis suggests that the trial judge's action violated court rule (GCR 1963, 760.1) as well as statute (MCLA § 600.1711 [Stat Ann 1962 Rev § 27A.1711]). The basis of appellant's argument is that, in cases of contempt outside of the presence of the court, an affidavit alleging the contumacious conduct must be filed. In the instant case, none was filed.

We need not determine whether the *absence* of the attorney of record constituted a contempt either in the presence of the court, or was a contempt out of the presence of the court. Appellant waived this issue by appearing voluntarily on his own behalf.

"The first legal question presented is, that the acts constituting the contempt were not committed in the presence of the court, and no petition or affidavit was presented to the court as a foundation for the proceedings. Upon this point many authorities are cited by counsel for the people and for the

---

* It is contested whether he visited the trial judge's secretary within 30 minutes subsequent to the calling of the case.

respondents. It is unnecessary to determine this question. The respondents voluntarily appeared in court, and were given the same opportunity to make their defense that they would have had upon the filing of a petition or affidavit and the issuance of an order to show cause. They were not seized upon the *capias,* but came directly from a foreign country into the court and voluntarily submitted to its jurisdiction. It should require no argument to show that they had waived all irregularities in initiating the proceedings.

\* \* \*

"If the respondents had refused to appear in court, \* \* \* or if they had been arrested upon the *capias* and had denied the jurisdiction of the court for the reason that no affidavit or petition was presented to the court setting forth the facts, the respondents would have been in position to raise this question, but their conduct waived it. They voluntarily placed themselves in precisely the same position as they would have been if the proceeding had been such as they now contend was necessary." *In re McHugh* (1908), 152 Mich 505, 510-512.

A second reason why we need not reach the merits of the question asked by appellant is that the conduct of the trial judge is within his statutory authority.

"Supreme court, circuit courts, and all other courts of record, have power to punish by fine or imprisonment, or both, persons guilty of any neglect or violation of duty or misconduct in the following cases:

\* \* \*

"(3) *All attorneys,* counselors, clerks, registers, sheriffs, coroners, and all other persons in any manner duly elected or appointed to perform any judicial or ministerial services, *for any misbehavior in their office or trust,* or for any willful neglect or *violation of duty,* for disobedience of any process

of the court, or any lawful order of the court, or any lawful order of a judge of the court or of any officer authorized to perform the duties of the judge;" MCLA § 600.1701 (Stat Ann 1962 Rev § 27A.1701). (Emphasis added.)

Under a similar factual circumstance we stated:

"Courts have the inherent right and power to enforce obedience to their orders and decrees. Attorneys are officers of the court, and it is their duty to be in court upon the trial of causes duly set for trial of which they have had due notice." *People* v. *Matish* (1970), 21 Mich App 238, 240.

Appellant also suggests that his discharge by defendant terminated the agency existing in the attorney-client relationship. However true that may be, an attorney is also an officer of the court and owes a duty to the court. That duty includes keeping the court informed of any reason for which the trial may not be conducted.

"We may also state that when an attorney once enters an appearance for a client and *for any reason* later finds he cannot or does not intend to continue to represent that client, he owes a clear duty to his client and opposing counsel *and to the court* to take timely affirmative steps in the pending case to be relieved of his retainer and have his appearance withdrawn." *White* v. *Sadler* (1957), 350 Mich 511, 526. (Emphasis added.)

This is the duty which went unobserved, and it is for this breach that court costs were assessed.

Under these circumstances, it cannot be said that the trial judge's conduct was an abuse of discretion.
Affirmed.