24 Mich. App. 265 (1970)
180 N.W.2d 384
MATTER OF LEWIS
SHAW
v.
PIMPLETON
Docket No. 6,822.
Michigan Court of Appeals.
Decided June 1, 1970.
Frank J. Kelley, Attorney General, Robert A. Derengoski, Solicitor General, James K. Miller, Prosecuting Attorney, and Wesley J. Nykamp, Chief Appellate Attorney, for Kent County.
Alphonse Lewis, Jr., in propria persona.
Before: HOLBROOK, P.J., and BRONSON and MUNRO,[*] JJ.
PER CURIAM.
Alphonse Lewis, Jr., is a practicing attorney in this state. He was retained by defendant Pimpleton to represent him in the instant case and in a second matter as well. Appellant Lewis filed several papers in the present case and was the attorney of record when, in August, 1968, he was informed by Mr. Pimpleton that he was being discharged as attorney in both matters. Later that same month, appellant received a stipulation as to a substitution of attorneys in the second matter. This was duly signed by appellant and filed with the court. No such substitution was filed in the present case.
*267 In October, 1968, appellant was given notice of a trial date in this matter. He neither informed the trial court that he had been discharged nor sought a court order allowing for his withdrawal from the case. He did send a letter to the defendant seeking instructions. This letter went unanswered.
On the trial date, all parties were present and ready, with the exception of appellant.[*] The trial judge ordered a show-cause hearing to be held to determine whether appellant should be assessed court costs of $150. The hearing was held, witnesses called, and appellant given an opportunity to be heard. The trial judge determined that appellant's conduct was contemptuous and assessed the above costs.
On appeal, attorney Lewis suggests that the trial judge's action violated court rule (GCR 1963, 760.1) as well as statute (MCLA § 600.1711 [Stat Ann 1962 Rev § 27A.1711]). The basis of appellant's argument is that, in cases of contempt outside of the presence of the court, an affidavit alleging the contumacious conduct must be filed. In the instant case, none was filed.
We need not determine whether the absence of the attorney of record constituted a contempt either in the presence of the court, or was a contempt out of the presence of the court. Appellant waived this issue by appearing voluntarily on his own behalf.
"The first legal question presented is, that the acts constituting the contempt were not committed in the presence of the court, and no petition or affidavit was presented to the court as a foundation for the proceedings. Upon this point many authorities are cited by counsel for the people and for the *268 respondents. It is unnecessary to determine this question. The respondents voluntarily appeared in court, and were given the same opportunity to make their defense that they would have had upon the filing of a petition or affidavit and the issuance of an order to show cause. They were not seized upon the capias, but came directly from a foreign country into the court and voluntarily submitted to its jurisdiction. It should require no argument to show that they had waived all irregularities in initiating the proceedings.
* * *
"If the respondents had refused to appear in court, * * * or if they had been arrested upon the capias and had denied the jurisdiction of the court for the reason that no affidavit or petition was presented to the court setting forth the facts, the respondents would have been in position to raise this question, but their conduct waived it. They voluntarily placed themselves in precisely the same position as they would have been if the proceeding had been such as they now contend was necessary." In re McHugh (1908), 152 Mich 505, 510-512.
A second reason why we need not reach the merits of the question asked by appellant is that the conduct of the trial judge is within his statutory authority.
"Supreme court, circuit courts, and all other courts of record, have power to punish by fine or imprisonment, or both, persons guilty of any neglect or violation of duty or misconduct in the following cases:

* * *
"(3) All attorneys, counselors, clerks, registers, sheriffs, coroners, and all other persons in any manner duly elected or appointed to perform any judicial or ministerial services, for any misbehavior in their office or trust, or for any willful neglect or violation of duty, for disobedience of any process *269 of the court, or any lawful order of the court, or any lawful order of a judge of the court or of any officer authorized to perform the duties of the judge;" MCLA § 600.1701 (Stat Ann 1962 Rev § 27A.1701). (Emphasis added.)
Under a similar factual circumstance we stated:
"Courts have the inherent right and power to enforce obedience to their orders and decrees. Attorneys are officers of the court, and it is their duty to be in court upon the trial of causes duly set for trial of which they have had due notice." People v. Matish (1970), 21 Mich App 238, 240.
Appellant also suggests that his discharge by defendant terminated the agency existing in the attorney-client relationship. However true that may be, an attorney is also an officer of the court and owes a duty to the court. That duty includes keeping the court informed of any reason for which the trial may not be conducted.
"We may also state that when an attorney once enters an appearance for a client and for any reason later finds he cannot or does not intend to continue to represent that client, he owes a clear duty to his client and opposing counsel and to the court to take timely affirmative steps in the pending case to be relieved of his retainer and have his appearance withdrawn." White v. Sadler (1957), 350 Mich 511, 526. (Emphasis added.)
This is the duty which went unobserved, and it is for this breach that court costs were assessed.
Under these circumstances, it cannot be said that the trial judge's conduct was an abuse of discretion.
Affirmed.
NOTES
[*] Circuit judge, sitting on the Court of Appeals by assignment.
[*] It is contested whether he visited the trial judge's secretary within 30 minutes subsequent to the calling of the case.