PEOPLE v. MATISH

1. Courts—Orders—Enforcement.

Courts have the inherent right and power to enforce obedience to their orders and decrees (MCLA § 600.1701).

2. Attorney and Client—Duties—Trial.

Attorneys are officers of the court, and it is their duty to be in court upon the trial of causes duly set for trial of which they have had due notice.

3. Contempt—Discretion.

The issuance of an order of contempt of court rests in the sound discretion of a trial court and is not reviewable except for abuse of discretion.

4. Contempt—Courts—Attorney and Client—Trial—Failure to Appear.

A trial court did not abuse its discretion by adjudging an assigned attorney in contempt where that attorney failed either to appear and defend his client on a specific date pre-determined by the court as the trial date or to make satisfactory adjustments to cover his absence.

Appeal from Recorder's Court of Detroit, Frank G. Schemanske, J. Submitted Division 1 January 13, 1970, at Detroit. (Docket No. 7,407.) Decided January 29, 1970. Leave to appeal granted April 23, 1970. 383 Mich 778.

References for Points in Headnotes

[1] 37 Am Jur, Motions, Rules, and Orders § 35.
[2] 53 Am Jur, Trial §§ 25–27.
[3] 4 Am Jur 2d, Appeal and Error §§ 168–170.
    17 Am Jur 2d, Contempt § 62 et seq.
[4] 17 Am Jur 2d, Contempt §§ 5, 6, 25.

George G. Matish was adjudged in contempt of court. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Joseph B. Sullivan,* for defendant.

Before: DANHOF, P. J., and FITZGERALD and McGREGOR, JJ.

PER CURIAM. Defendant seeks reversal of a contempt order imposed by a city of Detroit recorder's court judge. He is an attorney associated with the Defenders' Office—Legal Aid and Defender Association of Detroit. In this capacity, he accepted an assignment to defend an accused felon charged with the possession of burglary tools. The contempt citation is based upon the failure of defendant to appear and defend his client on a specific date pre-determined by the court as the trial date.

Defendant contends that the judge was advised that he would be out of town, that the judge agreed to allow a substitution of another legal aid attorney and that a plea to a lesser charge was being arranged through the prosecutor's office. On the date set for trial, the accused felon appeared, refused to plead guilty to any charge and demanded an examination. He also refused to accept any substitute legal aid attorney and requested an adjournment of his case until defendant could return and, having knowledge of his side, make a proper defense. The case was set over for one day. The following day,

in the absence of defendant, the accused felon pled guilty to the attempted possession of burglary tools. When defendant returned, he personally appeared before the court and was adjudged in contempt and fined. Defendant appeals.

This Court is asked to decide whether the contempt adjudication is supported by the record and whether the summary judgment of contempt and imposition of fine violated due process of law.

Courts have the inherent right and power to enforce obedience to their orders and decrees.* Attorneys are officers of the court, and it is their duty to be in court upon the trial of causes duly set for trial of which they have had due notice. *In re McHugh* (1908), 152 Mich 505. The issuance of an order of contempt rests in the sound discretion of the trial court and is not reviewable except for abuse of discretion.

In the instant case, the trial court was clear and emphatic that the case was to be tried on April 21, 1969, and no excuse or delay would be tolerated. It is difficult to conceive of a plainer warning. In spite of the court's mandate, defendant left the jurisdiction and the simple fact remains that the case was not ready to proceed on the trial date. Defendant seeks to explain his absence by contending that he was unaware of and surprised by his client's refusal to plead guilty or to accept the services of a legal aid staff attorney. The argument is without merit. In view of the trial judge's mandatory language, these options should have been discussed and settled with his client before leaving. Interpretation of the court's statements leads to the inescapable conclusion that it would be acceptable

---

* MCLA § 600.1701 (Stat Ann 1962 Rev § 27A.1701). "Supreme Court, circuit courts, and all other courts of record, have power to punish by fine or imprisonment, or both, persons guilty of any neglect or violation of duty or misconduct."

if defendant could arrange for the acceptance of a
guilty plea, or have a staff attorney defend, or be
present when the plea was offered, but without ques-
tion, the trial judge was holding defendant respon-
sible for the preparation and defense on April 21.
When defendant did not appear or make satisfactory
adjustments to cover his absence, there were suffi-
cient and reasonable grounds for finding defendant
in contempt for neglecting or violating his duty to
the court. As the accused felon stated on the record,
among other statements,

"I would be going to trial this morning with an
attorney I never saw before in my life and knows
nothing about my side of the case at all."

Under these circumstances, we are not convinced
that the court abused its discretion. The contempt
ruling is supported by both the evidence and the
record.

The requirements of due process were sufficiently
complied with when defendant was advised of the
charges against him in open court and was given
an opportunity to personally defend and explain
his actions. *In re Scott* (1955), 342 Mich 614; *In re
Oliver* (1948), 333 US 257 (68 S Ct 499, 92 L Ed
682).

Affirmed.