PEOPLE *v.* MATISH

Opinion of the Court

1. Contempt—Courts of Record—Judicial Power.

Courts of record, as part of their judicial power, may punish for contemptuous disobedience to the court (MCLA §§ 600.1701, 600.1711).

2. Contempt—Proof

The power to punish for contempt is awesome and carries with it the equally great responsibility to apply it judiciously and only when the contempt is clearly and unequivocally shown.

3. Contempt—Attorney and Client—Failure to Appear.

Without judicious use of contempt power, courts will have little authority over indifferent attorneys who disrupt the judicial process through failure to appear in court with their clients, particularly in a criminal matter, as the wheels of justice must temporarily grind to a halt because the client cannot be penalized, nor can the court proceed in the absence of counsel.

4. Contempt—Courts—Wilful Disregard of Authority or Orders.

In order for there to be a contempt, it must appear that there has been a wilful disregard or disobedience of the authority or orders of the court.

5. Contempt—Courts—Attorney and Client—Trial—Failure to Appear.

Display of wilful disregard or disobedience of the authority or orders of the court must be ascertained from the record before the Michigan Supreme Court and, after a careful review, that Court should conclude that the record permits of no such reasonable inference where an attorney, who represented a defendant in a criminal case, was adjudged guilty of con-

References for Points in Headnotes

[1] 17 Am Jur 2d, Contempt § 2.
[2] 17 Am Jur 2d, Contempt § 98.
[3–6] 17 Am Jur 2d, Contempt § 25.

tempt of court presumably for not being personally present on the date set for the trial of the case, but the trial judge had told the attorney when the trial date was set that, if he could not try the case on the date set, he should get someone else in his office to try it and an associate of the attorney appeared on the trial date who informed the court that the defendant was prepared to go to trial.

### DISSENTING OPINION
#### BLACK and T. E. BRENNAN, JJ.

6. CONTEMPT — COURTS — ATTORNEY — TRIAL — FAILURE TO APPEAR — DISCRETION.

*There were sufficient and reasonable grounds for finding an attorney in contempt for neglecting or violating his duty to the court and the court did not abuse its discretion in doing so where, the trial court was clear and emphatic that a case was to be tried on a certain date and that no excuse or delay would be tolerated, the attorney did not appear or make satisfactory adjustments to cover his absence, and the case was not ready to proceed on the trial date.*

Appeal from Court of Appeals, Division 1, Danhof, P. J,. and Fitzgerald and McGregor, JJ., affirming Recorder's Court of Detroit, Frank G. Schemanske, J. Submitted February 2, 1971. (No. 24 January Term 1971, Docket No. 52,736.) Decided April 5, 1971.

21 Mich App 238 reversed.

George G. Matish was adjudged in contempt of court. Defendant appealed to the Court of Appeals. Affirmed. Defendant appeals. Reversed.

*Frank G. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Sullivan, Sullivan, Ranger & Ward,* for defendant.

Swainson, J. In the instant case, appellant Matish was defense counsel for a defendant charged with a felony crime in the Recorder's Court for the City of Detroit. On April 15, 1969, George G. Matish appeared before Hon. Frank G. Schemanske, Judge of the Recorder's Court of Detroit, on behalf of Norman Ray Thornhill. Judge Schemanske set Monday, April 21, 1969, as the date of trial for said Thornhill. The following colloquy occurred between court and counsel on April 15, 1969:

"*The Court:* Now I will not adjourn the case from the 21st. If you can't try it, get someone else in your office to try it.

"And in view of the activity of this defendant—and all of these activities have been just in that kind of a situation—and therefore the Presiding Judge asked me to set it for trial.

"I am setting it on the 21st. If you can work out a plea before the 21st before the Presiding Judge it is okay with me.

"*Mr. Matish:* Very well, your Honor. Thank you.

"*The Court:* All right, but get someone else to try it on the 21st."

On April 21, 1969, an associate of Mr. Matish, Myzell Sowell, appeared before Judge Schemanske, and at that time the following colloquy took place between the court and Mr. Sowell:

"*The Court:* This case goes to trial. Bring the jury in.

"*Mr. Sowell:* Your Honor, I just wanted to add that Mr. James Roberts of our office who has some familiarity with this case is available for the trial of it if this is agreeable with Mr. Thornhill. He is acquainted with Mr. Roberts, he is aware of his competency in the trial of lawsuits, plus the fact that he is acquainted with the facts and the applicable law.

"*The Court:* I assigned this case to the Defender's Office.

"*Mr. Sowell:* That is correct, your Honor.

"*The Court:* I informed Mr. Matish that we are going to trial.

"Now if this case does not go to trial, I will sentence Mr. Matish for contempt of court.

"*Mr. Sowell:* We are prepared to go to trial.

"*The Court:* All right.

"*Mr. Sowell:* I was only explaining to the court that Mr. Roberts would be representing Mr. Thornhill. He is acquainted with him.

"*The Court:* Whoever represents him represents him. The Defender's Office has been assigned to defend this individual, so therefore I will permit whoever is assigned."

The matter did not proceed to trial on April 21, 1969, but, in fact, was adjourned for one day after a lengthy dialogue between the court and Norman Ray Thornhill, wherein defendant Thornhill raised the issue, among others, that he wanted the matter remanded so that he might have a preliminary examination which had theretofore been waived.

On April 22, 1969, the defendant, Norman Ray Thornhill, did plead guilty to the offense of attempted possession of burglar tools, and his plea was accepted by the court.

On Monday, April 28, 1969, George G. Matish appeared before Judge Frank G. Schemanske and was adjudged guilty of contempt of court, presumably for not being personally present on April 21. He was sentenced to a $50 fine, or 10 days in the county jail. On January 29, 1970, Division 1 of the Court of Appeals, by *Per Curiam* opinion, sustained the trial judge.*

It is fundamental that courts of record, as part of their judicial power, may punish persons for contemptuous disobedience to the court. (MCLA §§

---

* *People* v. *Matish* (1970), 21 Mich App 238. Leave granted 383 Mich 778.

600.1701, 600.1711 [Stat Ann 1962 Rev §§ 27A.1701, 27A.1711]).

The crux of the issue here is whether appellant Matish failed to comply with the order of the court to assure the presence of counsel on the designated trial date in order that defendant Thornhill be tried on the charges pending against him.

The power to punish for contempt is awesome and carries with it the equally great responsibility to apply it judiciously and only when the contempt is clearly and unequivocally shown. *Arthur* v. *The Superior Court of Los Angeles County* (1965), 62 Cal 2d 404 (42 Cal Rptr 441, 398 P2d 777), describes very succinctly the necessity for such authority (p 411):

"When an attorney fails to appear in court with his client, particularly in a criminal matter, the wheels of justice must temporarily grind to a halt. The client cannot be penalized, nor can the court proceed in the absence of counsel. Having allocated time for this case, the court is seldom able to substitute other matters. Thus, the entire administration of justice falters. Without judicious use of contempt power, courts will have little authority over indifferent attorneys who disrupt the judicial process through failure to appear."

In order for there to be a contempt, it must appear that there has been a wilful disregard or disobedience of the authority or orders of the court. Whether such a wilfulness was displayed is something we must ascertain from the record before us and, after a careful review, we conclude the record permits of no such reasonable inference.

Judgment reversed.

T. M. KAVANAGH, C. J., and ADAMS, T. G. KAVANAGH and WILLIAMS, JJ., concurred with SWAINSON, J.

BLACK, J. (*dissenting*). When the present application for leave to review was before us a year ago, I notified the Court that Division 1 in my view was right both as to reasoning and result, and that I should therefore be listed as dissenting from grant of leave. See 383 Mich 778.

My memo to the Court concluded:

"This is a classic case for an eventful choice; either we falter when an attorney neglects to show up, or stand by administered discipline which, once known, will put an end to all this mockery of duty."

Nothing in the course of oral submission or developing during conference upon the appeal, has changed my opinion that the adjudication of contempt entered below was fully justified. I dissent accordingly.

T. E. BRENNAN, J., concurred with BLACK, J.