IN THE MATTER OF THE CONTEMPT OF BALFOUR PEISNER

(PEOPLE v JACKSON)

1. CONTEMPT—TRIAL COURTS—STATUTES.

A trial court is empowered to control proceedings in the court and, if necessary, may punish for contemptuous behavior (MCLA 600.1701; MSA 27A.1701).

2. CONTEMPT—TRIAL COURT'S DISCRETION—APPEAL AND ERROR—
ABUSE OF DISCRETION.

The issuance of an order of contempt rests in the sound discretion of the trial court and is not reviewable except for an abuse of discretion.

Appeal from Recorder's Court of Detroit, Geraldine Bledsoe Ford, J. Submitted June 23, 1977, at Detroit. (Docket No. 29664.) Decided September 21, 1977.

Balfour Peisner, counsel for defendant in the murder trial of *People v Joe Jackson,* was found in contempt of court for willfully, persistently and repeatedly violating the ruling of the court. He was fined. He appeals. Affirmed.

*Alphonso R. Harper* (by *Rudy J. Huizenga),* for the Recorder's Court Judge.

*Balfour Peisner, in propria persona.*

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur 2d, Contempt §§ 62, 63.
[2] 4 Am Jur 2d, Appeal and Error § 168 *et seq.*
17 Am Jur 2d, Contempt §§ 105, 115.
Appealability of contempt adjudication or conviction. 33 ALR3d 448.

Before: BEASLEY, P. J., and V. J. BRENNAN and J. R. MCDONALD,* JJ.

PER CURIAM. During the within murder trial, the trial judge found Balfour Peisner, counsel for defendant, in contempt for willfully, persistently and repeatedly violating the ruling of the court, and fined him $150.

The trial judge is empowered to control proceedings in the court and, if necessary, to punish for contemptuous behavior.[1] The issuance of an order of contempt rests in the sound discretion of the trial court and is not reviewable except for abuse of discretion.[2]

Review of the transcript reveals no abuse of discretion here. The contempt finding of the trial judge was fully supported in the record. The conduct in question took place during a jury trial, in the presence of both the trial judge and the jury, and it interfered with the progress of that trial. Immediate punishment properly was imposed by the trial judge outside of the jury's presence.

Affirmed, with costs.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] MCLA 600.1701; MSA 27A.1701. *In re Burns,* 19 Mich App 525; 173 NW2d 1 (1969).

[2] *People v Matish,* 384 Mich 568; 184 NW2d 915 (1971).