CITY OF PONTIAC v GRIMALDI

Docket No. 84517. Submitted May 22, 1986, at Detroit. Decided July 8, 1986.

The Oakland Circuit Court issued an order enjoining Anthony O. Grimaldi, doing business as Wally's Auto Parts, Grand Touring Autos, Ltd., from continuing, maintaining, or permitting the continuance of the sale of used cars, second-hand goods and sales and operation of vending machines at a business address in the City of Pontiac without being duly licensed. Grimaldi placed two signs on the front door of the premises stating that the main office was open and directing people to the office 1½ miles away. The City of Pontiac filed a motion to hold Grimaldi in contempt of court for disobeying the earlier injunction. The court, Alice L. Gilbert, J., ruled that Grimaldi was in contempt of court and imposed a fine of $1,000 per day for each day Grimaldi remained in contempt by displaying the signs. Grimaldi appealed by leave granted. *Held:*

The placing of signs informing the public that Grimaldi's main office, at another location, was open did not constitute doing business or the continued sale of used cars, second-hand goods or sales and operation of vending machines in violation of either the preliminary injunction or the contempt order. The court erred in imposing sanctions.

Reversed.

1. Contempt — Words and Phrases.

Contempt of court is a willful act, omission, or statement tending to impair the authority or impede the functioning of a court.

2. Contempt — Burden of Proof — Contempt Citations — Appeal.

A contempt order may be entered only when the violation alleged has been clearly and unequivocally shown; on appeal from a contempt citation, the findings of the lower court must be affirmed if there is competent evidence to support them.

References

Am Jur 2d, Contempt §§ 2-5, 42, 77, 78, 98.

Contempt adjudication or conviction as subject to review other than by appeal or writ of error. 33 ALR3d 589.

3. CONTEMPT — CRIMINAL CONTEMPT.

    Two elements must be proven beyond a reasonable doubt to support a conviction of criminal contempt: (1) the individual must have engaged in a willful disregard or disobedience of the authority or orders of the court, and (2) the contempt must be clearly and unequivocally shown.

*Bruce Crossman,* Deputy City Attorney, for plaintiff.

*Steven G. Silverman,* and *Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick* (by *Richard E. Shaw*), for defendant.

Before: MACKENZIE, P.J., and BEASLEY and C. W. SIMON,* JJ.

PER CURIAM. Defendant Anthony O. Grimaldi appeals by leave granted from an order imposing sanctions for contempt of court issued by the Oakland Circuit Court. The lower court's order has been stayed pending this interlocutory appeal.

Pursuant to a complaint to abate a public nuisance and for injunctive relief, a preliminary injunction was issued by the Oakland Circuit Court on January 16, 1985. The order provided in pertinent part:

    IT IS ORDERED, that Anthony O. Grimaldi, d/b/a Wally's Auto Parts, Grand Touring Autos, LTD., its agents, servants, and successors and assigns are hereby enjoined from continuing, maintaining or permitting the continuance of the sale of used cars, second-hand goods and sales and operation of vending machines at 870 Oakland Avenue, formerly 900, Pontiac, Michigan, without being duly licensed.

On March 26, 1985, the City of Pontiac filed a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

motion to hold defendant in contempt of the January 16, 1985, order. An initial hearing on the alleged violation was held on April 10, 1985, and resulted in an order holding the defendant in contempt of court. That order provided in pertinent part:

> It is FURTHER ORDERED, that defendants Anthony O. Grimaldi, d/b/a Wally's Auto Parts, Grand Touring Autos LTD., Rick's Motor Parts Company Inc., jointly and severally shall pay one thousand ($1,000), dollars per day from April 9, 1985, for any day defendants do business at 870 Oakland Avenue, Pontiac, Michigan, in violation of this courts [sic] injunctive order entered on 1/16/85.

The behavior that led to the order is unknown. However, that behavior is not contested in this appeal.

On April 24, 1985, both parties reappeared in court. At that time plaintiff alleged that defendant was violating the court's April 10 order by engaging in business during the period of April 9, 1985, to April 24, 1985. In support of this contention, plaintiff offered into evidence photographs of two signs, placed in the front door of 870 Oakland Avenue by defendant and reading "OPEN . . . 1½ miles to Silver Lake Road" and "MAIN OFFICE OPEN . . . 1½ miles north." The references in those signs were to defendant's location at 2505 Dixie Highway, Waterford Township, a location outside the scope of the complaint and order.

A city building inspector testified that the signs were present on each of the ten different days he inspected the premises. The inspector also testified that the doors at 870 Oakland Avenue were locked and that he observed no business being transacted on any of the days in question.

The court found that the signs in the windows

constituted doing business in violation of the April 10 order and imposed a fine of $1,000 for each day the signs were present, or $10,000 total, to be paid within twenty-four hours of its ruling. In the event that the fine was not paid within the prescribed period, the defendant was to be confined in the Oakland County Jail for thirty days. No sanctions for the defendant's violation of the court's initial injunction from March 26, 1985, to April 9, 1985, were imposed at these proceedings. On appeal defendant argues that the signs posted did not constitute doing business contrary to the court' orders and that, in any event, the sanctions imposed by the court were improper.

Contempt of court is a willful act, omission, or statement tending to impair the authority or impede the functioning of a court. *Williams Int'l Corp v Smith,* 144 Mich App 257, 261; 375 NW2d 408 (1985); *People v Matish,* 384 Mich 568, 572; 184 NW2d 915 (1971). A contempt order may be entered only when the violation has been clearly and unequivocally shown. *ARA Chuckwagon of Detroit, Inc v Lobert,* 69 Mich App 151, 159; 244 NW2d 393 (1976); *Matish, supra,* p 572. The findings of the lower court must be affirmed if there is competent evidence to support them. *ARA Chuckwagon, supra,* p 159. To support a conviction of criminal contempt, these two elements must be proven beyond a reasonable doubt. *In re Contempt of Rapanos,* 143 Mich App 483, 488; 372 NW2d 598 (1985); *Jaikins v Jaikins,* 12 Mich App 115; 162 NW2d 325 (1968).

Applying these standards, the defendant could be fined only if, at the very least, competent evidence clearly and unequivocally established that he willfully violated the terms of the court's orders. As noted, the April 10 order provided that defendant would be fined $1,000 per day from

April 9, 1985, "for any day the defendants *do business* at 870 Oakland Avenue . . . in violation of *this courts* [sic] *injunctive order*" entered on January 16, 1985 (emphasis added). The January 16 order prohibited defendant from "continuing, maintaining or permitting the continuance of the sale of used cars, second-hand goods and sales and operations of vending machines at 870 Oakland Avenue . . . ."

The behavior at issue here consisted of placing signs in the window at 870 Oakland Avenue directing potential customers to another address. We cannot conclude that such advertising constituted "doing business" or continued the sale at 870 Oakland Avenue of used cars, second-hand goods or sales and operation of vending machines in violation of either the preliminary injunction or the contempt order of April 10. The doors were locked and the advertising was for another location not subject to any order.

Thus, we conclude that the court erred in imposing sanctions. There was no competent evidence to support a clear violation of either the injunction or the contempt order of April 10, 1985. Because of our disposition of this issue we need not consider whether the sanctions imposed by the trial court were improper.

Reversed.