*In re* CONTEMPT OF O'NEIL

Docket No. 81481. Submitted November 7, 1985, at Lansing. Decided
    July 9, 1986. Leave to appeal denied, 426 Mich 877.

   Defendant, Daniel R. O'Neil, was the attorney for Thomas A.
   Boynton in Boynton's trial in the Isabella Circuit Court on
   armed robbery charges. During the course of the trial, the trial
   court, Paul F. O'Connell, J., found defendant to be in direct
   criminal contempt of the court and defendant was ordered
   jailed pursuant to the court's summary punishment powers.
   Defendant appeals from that order.

   The Court of Appeals *held:*

   Defendant's violation of the trial court's ruling, that further
   discussion of the court's determination that defendant would
   not be permitted to characterize a certain witness as an "infor-
   mant" would result in a contempt order, cannot reasonably be
   said to have been in the name of advocacy. Further contest of
   the ruling resulted in wholly unnecessary delay, constituted a
   waste of the court's time, and amounted to an affront to the
   discipline and decorum of the court.

   Affirmed.

1. CONTEMPT — CRIMINAL CONTEMPT.

   The two elements which must be proven beyond a reasonable
   doubt to support a conviction for criminal contempt are: (1)
   that the individual engage in a wilful disregard or disobedience
   of the order of the court, and (2) that the contempt must be
   clearly and unequivocally shown.

2. CONTEMPT — APPEAL.

   The Court of Appeals, in its review of contempt convictions, is
   sensitive to the delicate balance which must be maintained
   between the right of the trial judge to maintain discipline and
   decorum in his court and the right of counsel to fulfill to the
   ultimate the obligation of advocacy.

REFERENCES

Am Jur 2d, Contempt §§ 2-5, 34 *et seq.*
See the annotations in the Index to Annotations under Contempt;
    Robbery.

*Timothy J. Taylor,* for defendant.

Before: MacKenzie, P.J., and Allen and R. R. Ferguson,* JJ.

Per Curiam. Daniel O'Neil (hereafter defendant) appeals from an order of the circuit court holding him in contempt of court, MCL 600.1701; MSA 27A.1701. The court ordered defendant jailed pursuant to the court's summary punishment powers under MCL 600.1711(1); MSA 27A.1711(1), which permits punishment when contempt is committed in the immediate view and presence of the court.

Defendant was the attorney for Thomas Boynton, accused of armed robbery. At trial, defendant questioned a prosecution witness concerning whether he was a paid informant. The prosecutor objected, arguing that, unless the witness was paid to testify in the matter before the court, such questioning was irrelevant. The court discharged the jury for the day and argument was had before the bench. The court indicated that it agreed with the prosecutor's position and asked defendant if he had evidence that the witness had been paid. Defendant responded that he had the preliminary examination testimony of a detective that the witness called and offered information on the case for $50. The court ruled that such evidence did not support an inference that the witness was a paid informant and again asked if defendant had evidence that the witness was paid for his testimony. Defendant responded that he believed that the witness was "being cut a plea bargain." The court ruled that such evidence did not support the characterization of the witness as a "paid informant." The judge again asked if defendant had evidence that the witness was "paid money or was given

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

some gratuity to testify." Defendant responded: "Some gratuity meaning a plea bargain?" Defendant characterized any difference between the two as "semantics." At that point, the court ruled that because defendant had failed to present evidence to support his characterization of the witness as an informant, the line of questioning would not be permitted the following day. Defendant began to further question the order of the court, at which point the court declared that further discussion by defendant would result in a contempt order. Defendant stated that he did not understand the order and that he had an obligation to see that his client got a fair trial, at which point he was jailed for contempt.

To support a conviction for criminal contempt, two elements must be proven beyond a reasonable doubt. *Michigan ex rel Wayne Prosecutor v Powers,* 97 Mich App 166, 171; 293 NW2d 752 (1980). Those two elements are: (1) that the individual engage in a wilful disregard or disobedience of the order of the court, *People v Matish,* 384 Mich 568, 572; 184 NW2d 915 (1971), and (2) that the contempt must be clearly and unequivocally shown. *Matish, supra.*

This Court, in its review of contempt convictions, is sensitive to the delicate balance which must be maintained between the right of the trial judge to maintain discipline and decorum in his court and the right of counsel to fulfill to the ultimate the obligation of advocacy. *People v Ravitz,* 26 Mich App 263, 269-270; 182 NW2d 75 (1970).

Defendant claims that the scale weighs in his favor because there was no showing of a wilful disregard of the orders of the court and because there was no obstruction of justice. We disagree.

The contempt order at issue was the culmina-

tion of a colloquy between defendant and the court during which the court made clear several times the basis for its ruling that defendant would not be permitted to characterize the witness as an "informant." Beyond that point, defendant's assertions became merely argumentative, academic, and were in fact moot. By the time the court declared that further discussion would result in a contempt order, defendant, as counsel, had fully advocated his position. Violation of that ruling could not reasonably be said to have been in the name of advocacy. Instead, further contest of the ruling resulted in wholly unnecessary delay, constituted a waste of the court's time, and amounted to an affront to the discipline and decorum of the court.

Affirmed.