PEOPLE v MacLEAN

Docket No. 92943. Submitted June 17, 1987, at Detroit. Decided May 17, 1988.

Marcia Sue MacLean testified before a Macomb County grand jury and was thereafter convicted and sentenced to thirty days in jail for criminal contempt of court, Macomb Circuit Court, George R. Deneweth, J., for divulging her grand jury testimony in violation of an agreement requiring secrecy. Defendant appealed.

The Court of Appeals *held:*

1. Sufficient evidence showing (1) wilful disregard or disobedience of an order of the court, and (2) clear and unequivocal contempt was presented in support of defendant's conviction. The record contained ample testimony from three grand jurors that defendant volunteered information regarding her testimony before the grand jury to a third party over a pay phone while the grand jury proceedings were in recess.

2. The trial court did not err in construing the secrecy agreement to prohibit the conduct which served as the basis for defendant's conviction.

Affirmed.

1. APPEAL — SUFFICIENCY OF EVIDENCE — BENCH TRIAL — CRIMINAL LAW.

The Court of Appeals, in reviewing the sufficiency of the evidence in an appeal of a criminal conviction in a bench trial, must determine whether, viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could find the essential elements of the charged crime proven beyond a reasonable doubt.

2. CONTEMPT — CRIMINAL CONTEMPT.

The elements necessary to support a conviction of criminal contempt are (1) a wilful disregard or disobedience of the order of

REFERENCES

Am Jur 2d, Appeal and Error §§ 786, 885.

Am Jur 2d, Contempt §§ 28, 57.

Power of court to control evidence or witnesses going before grand jury. 52 ALR3d 1316.

the court, and (2) that the contempt is clearly and unequivocally shown.

3. CONTEMPT — CRIMINAL CONTEMPT.

A wilful disregard of an order of a court consists of an act, omission, or statement tending to impair the authority or impede the functioning of the court.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Carl J. Marlinga,* Prosecuting Attorney, *Don L. Milbourn,* Chief Appellate Lawyer, and *Margaret Demuynck,* Assistant Prosecuting Attorney, for the people.

*Albert Markowski,* for defendant on appeal.

Before: H. HOOD, P.J., and WEAVER and M. WARSHAWSKY,* JJ.

PER CURIAM. Following a bench trial, defendant was found guilty of criminal contempt of court and sentenced to thirty days in the county jail. On appeal as of right, defendant raises two issues. We affirm.

On January 16, 1986, defendant appeared before a Macomb County citizens grand jury, pursuant to a subpoena, to testify in relation to a double homicide investigation. Defendant and her attorney were presented with a notice of secrecy requirement by the prosecutor. Defendant read and signed the agreement. Defendant's testimony began in the late morning and, following a lunch recess, continued into the afternoon. Prior to the lunch recess, the prosecutor informed defendant not to speak with anyone regarding the proceedings.

Following the lunch recess, a number of jurors approached the prosecutor and said that they overheard defendant discussing the proceedings over

* Circuit judge, sitting on the Court of Appeals by assignment.

the public telephone. When questioned by the prosecutor, defendant admitted that she had talked to a friend, Tony Feroni, the employer of Paul Bruton. Bruton was a subject of defendant's morning testimony.

On April 9, 1986, defendant appeared at a show cause hearing regarding alleged violations of the secrecy requirement. Following the hearing, defendant was found guilty of contempt and sentenced. On appeal, defendant first argues that the prosecution failed to present sufficient evidence that defendant wilfully disregarded the secrecy requirement. We disagree.

In reviewing the sufficiency of the evidence in an appeal from a bench trial, this Court must determine whether, viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could find the essential elements of the crime proven beyond a reasonable doubt. *In re Contempt of Rapanos,* 143 Mich App 483, 488; 372 NW2d 598 (1985). The elements necessary to support a conviction of criminal contempt are (1) a wilful disregard or disobedience of the order of the court, and (2) that the contempt is clearly and unequivocally shown. *In re Contempt of O'Neil,* 154 Mich App 245, 247; 397 NW2d 191 (1986). A wilful disregard consists of an act, omission, or statement tending to impair the authority or impede the functioning of the court. *City of Pontiac v Grimaldi,* 153 Mich App 212, 215; 395 NW2d 47 (1986).

In this case, the record provides ample testimony from three grand jurors that defendant volunteered information over the public telephone regarding her morning testimony. Grand Juror No. 11 testified that defendant's conversation involved the individual on the other end of the conversation and that several questions had been

asked about him. Defendant also discussed an automobile during the conversation. Grand Juror No. 5 overheard defendant saying, "They know we both own the car, or something like that." According to Grand Juror No. 8, defendant said, "They know more than you think," and something about the car. Finally, testimony provided by the prosecutor confirmed that these matters, including the automobile, were all subjects of defendant's morning testimony before the grand jury. We conclude that sufficient evidence was presented to sustain defendant's conviction.

Defendant next argues that the trial court erred by overbroadly construing the secrecy order. This argument lacks merit. The secrecy order specifically prohibited the dissemination of any testimony or exhibits "or any proceeding conducted" in connection with the grand jury inquiry. By this language, the trial court could properly prohibit defendant from discussing her participation in the inquiry. The fact that defendant testified before the grand jury was clearly a subject of the secrecy order. The trial court's construction was not erroneous.

Affirmed.