Michael **FOOTS**, Petitioner-Appellant,

v.

**STATE OF LOUISIANA,**
Respondent-Appellee.

No. 85–4926
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 18, 1986.

Michael Foots, Angola, La., pro se.

Thomas R. Willson, Asst. Dist. Atty., Alexandria, La., for State of La.

Before GEE, RANDALL and DAVIS, Circuit Judges.

PER CURIAM:

Michael Foots, an incarcerated state prisoner, appeals from an order of the United States District Court for the Western District of Louisiana dismissing his petition for a writ of habeas corpus. Foots was convicted of purse snatching and, pursuant to the Louisiana Habitual Offender Statute, was sentenced to ten years incarceration. He asserts that his conviction was flawed because (1) the trial court refused his motion for a continuance; (2) Foots was inadequately warned that the state intended to invoke the Habitual Offender Statute; and (3) his ten-year sentence constitutes cruel and unusual punishment in violation of the eighth amendment.

■ We agree with the district court that Foots has failed to demonstrate that his conviction was flawed, for substantially the grounds stated in its well-reasoned opinion. On the continuance issue, Foots moved for a continuance on the day that his trial was to start, stating that an alibi witness was hospitalized and unavailable. Apart from the fact that federal review of this claim seems clearly barred by the doctrine of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), inasmuch as Foots failed to make an appropriate objection to the trial court's ruling, the claim must fail on the merits. The alibi witness' proposed testimony would have mirrored that of two other alibi witnesses that did testify for the defense; therefore, there is no reasonable probability that the result of the trial would have been different if the continuance had been granted. *See Kirkpatrick v. Blackburn*, 777 F.2d 272, 278–79 (5th Cir.1985). Further, there was testimony that the witness was not, in fact, hospitalized at the time. The trial court's ruling was neither an abuse of discretion nor so arbitrary and fundamentally

unfair that it violated due process. *Id.; Skillern v. Estelle,* 720 F.2d 839, 851 (5th Cir.1983), *cert. denied,* — U.S. —, 105 S.Ct. 224, 83 L.Ed.2d 153 (1984).

As to the Habitual Offender Statute issue, the state court trial record clearly indicates that the procedure under the statute was fully complied with. La.Rev.Stat. Ann. § 15:529.1 (West 1981). Foots admitted that he was previously convicted of battery, and there is no assertion that his previous conviction was void; therefore, his due process right to a hearing on the issue of the prior conviction was not infringed.

Finally, Foots' claim that his sentence constitutes cruel and unusual punishment must fail under the test set forth in *Solem v. Helm,* 463 U.S. 277, 290–92, 103 S.Ct. 3001, 3009–11, 77 L.Ed.2d 637 (1983). Foots' extensive record and the youth of his victim (ten years old) indicate that a relatively harsh sentence was appropriate. Further, as the district court noted, the sentence was proportionate to sentences in similar cases in Louisiana and other jurisdictions.

We write further only to draw attention to the utter failure of counsel for the state to aid the proper and timely disposition of this case. When the district court ordered service of the petition on the state, the state was obligated to serve an answer to the petition that complied with Rule 5, Rules Governing § 2254 Cases in the United States District Courts. Rule 5 requires an answer to the allegations of the petition. Further, it requires submission of the transcript or portions of it, or at least an indication as to which parts of the transcript are available. Further, Rule 5 mandates that the answer "shall state whether the petitioner has exhausted his state remedies," and requires the state to submit a copy of the petitioner's brief on direct appeal. Yet the state's only filings in the district court were brief, conclusory documents that appear to be little more than boilerplate, interchangeable from one case to the next. Not a single case was cited to the district court; counsel seemed content to rest on the statement that each contention raised by Foots had been rejected by the Louisiana Supreme Court. There is no discussion of the *federal* law that controls habeas petitions.

The district court's careful opinion is all the more commendable in light of this sorry briefing provided by the state. The district court obviously engaged in time-consuming research that should have been effected in the first instance by the state. (Faced with these circumstances, it would have been entirely understandable and appropriate for the district court to have ordered supplemental briefing.) In fact, in a letter to the Clerk of this court that he would not file a brief on appeal, counsel for the state wrote that "I do not believe that there is anything I can add which was not thoroughly discussed in the District Court opinion. . . ."

The court urges counsel to comply fully with the appropriate procedural rules in future litigation concerning the validity of state prisoners' incarceration, and to take the duty of representing the state in habeas corpus litigation in federal court with appropriate seriousness.

For the reasons set forth above, the judgment of the district court is affirmed.

AFFIRMED.