**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Keith DRAKE (88–2175), Reginald**
**Clark (88–2176),**
**Defendants–Appellants.**

**Nos. 88–2175, 88–2176.**

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 14, 1989.

Decided Sept. 18, 1989.

---

Robert Haviland, Asst. U.S. Atty. (argued), Flint, Mich., for U.S.

Thomas E. Kuhn (argued), Detroit, Mich., for Keith Drake.

Before GUY, BOGGS and NORRIS, Circuit Judges.

RALPH B. GUY, Jr., Circuit Judge.

In this consolidated appeal, defendants Keith Drake and Reginald Clark appeal their convictions for conspiracy to distribute cocaine. The only error claimed concerns a comment made by the prosecutor during closing argument. It is alleged that the prosecutor, to the prejudice of the defendants, commented on their failure to testify or otherwise produce evidence. The district judge denied a timely motion for a mistrial.

Upon review, we conclude that no error requiring reversal occurred and we affirm the convictions of both defendants.

It is black-letter law that a defendant in a criminal trial need not testify or produce any evidence, and that no comment on a failure to do so is appropriate. *Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). During the trial of Clark and Drake, the assistant United States Attorney, in his closing argument, made the following statement:

> Now there was some dispute in the evidence as to whether Mr. Bonaparte was himself handing out the crack cocaine or whether he just opened the door and collected the money. Well that kind of dispute doesn't make any difference. And Mr. Bonaparte to his credit, knows that and admitted that. He admitted on the stand I'm guilty, I pleaded guilty. I know I'm guilty. It doesn't matter whether he was handing out the cocaine or just collecting the money and answering the door with a gun in his hand. He knew he was part of that conspiracy and he pleaded guilty.

> Now as to the two defendants that are on trial. The evidence is not at all in dispute. Well, I'm sorry. It's not at all unequivocal. I'm sure that it will be disputed. But the evidence is overwhelming. It is unrebutted and it is consistent.

Juries routinely are instructed in criminal cases that defendants need not testify or produce evidence and that no adverse infer-

ences may be drawn therefrom.[1] Thus, prosecutors are not allowed specifically to call attention to a defendant's failure to produce evidence. This does not mean, however, that a prosecutor cannot summarize the evidence and comment upon both its quantitative and qualitative significance. Arguably, every time a prosecutor says "the evidence is overwhelming" or "the evidence is 100 percent," or "every witness who testified told you the same story," it could be construed as highlighting the fact that the defense produced no contrary evidence. Yet, such comments are certainly proper. The government is not forbidden to comment on the strength of its proofs; otherwise we take the "argument" out of closing argument and reduce it to a flaccid resumé of the evidence. We must not lose sight of the fact that what is sought to be prevented is the government conveying to the jury that a defendant is under some kind of *duty* to testify or produce evidence.

In *Hearn v. Mintzes,* 708 F.2d 1072 (6th Cir.1983), we suggested four criteria to use in reviewing claims of improper comment by a prosecutor:

1) Were the comments "manifestly intended" to reflect on the accused's silence *or* of such a character that the jury would "naturally and necessarily" take them as such;

2) Were the remarks isolated or extensive;

3) Was the evidence of guilt otherwise overwhelming;

4) What curative instructions were given, and when.

*Id.* at 1077.

Although such tests are always illustrative rather than exhaustive, we have followed this test in subsequent cases.[2]

When these criteria are applied to the case at bar, it is clear that we are dealing with isolated comments not intended to reflect on the accused's silence in a case in which the evidence was susceptible of no reasonable interpretation other than guilt. As for the "curative instruction" prong of the test, we would make the following observations. First, no curative instruction was requested. Second, the court's preliminary and final instructions to the jury made clear the respective burdens, or lack thereof, of the government and a defendant in a criminal case. Third, and perhaps most important, a curative instruction given at the point in time when the comment was made likely would have done more harm than good. The remark more than likely escaped the jurors' attention, but if the court had highlighted it at that time with a "curative" instruction, then the jury most certainly would have been reminded of defendant's failure to testify, albeit with a caution to disregard same. Indeed, many skilled defense lawyers do not want the court to give even the standard instruction concerning a defendant's failure to testify.[3] There are other types of alleged improprieties in which an immediate curative instruction may be very important, but, here, the less said the better.

In this case, the trial was neither lengthy nor complex. The government produced a parade of accomplice witnesses, all of whom clearly implicated the defendants. The fact that two of the witnesses had trouble identifying defendant Clark (who had made a considerable change in his appearance prior to trial) does not materially detract from the strength of the government's case. Although we do not think resorting to the "harmless error" doctrine

---

**1.** The trial judge instructed the jury on this point in the following language:

None of the defendants have chosen to testify. The law does not compel a defendant in a criminal case to take the witness stand and testify, and no presumption of guilt may be raised, and no inference of any kind may be drawn from the fact that a defendant has not testified.

The law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

**2.** *See, e.g., Spalla v. Foltz,* 788 F.2d 400, 404 (6th Cir.), *cert. denied,* 479 U.S. 935, 107 S.Ct. 410, 93 L.Ed.2d 362 (1986).

**3.** In *United States v. Kirby,* 838 F.2d 189 (6th Cir.1988), we upheld the trial judge's discretion to give the standard instruction over the vigorous objection of the defendant.

is necessary, if such an analysis is made, the strength of the government's case was such as to render the remark of the prosecutor harmless as a matter of law. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

AFFIRMED.