894 F.2d 1337
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Daniel Cruz RIVERA, Petitioner-Appellant,
v.
Martin MAKEL, Warden, Michigan Dunes Correctional Facility,
Respondent-Appellee.
 No. 89-1437.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1990.
 
 1
 Before WELLFORD and RALPH B. GUY, Jr., Circuit Judges, and THOMAS G. HULL, Chief District Judge.*
 
 ORDER
 
 2
 Daniel Cruz Rivera is a Michigan prisoner who appeals the district court's denial of a habeas corpus petition that he had filed under 28 U.S.C. Sec. 2254 (1977). Rivera is now serving a mandatory life sentence after being convicted by a jury of premeditated murder. In his petition Rivera argued: 1) that his attorney was ineffective because he did not adequately prepare Rivera's diminished capacity defense, 2) that his attorney was ineffective because his cross examination of a witness focused on Rivera's request for counsel during police interrogation, and 3) that the trial court erred by refusing to grant a continuance for further psychiatric testing. Upon review, we affirm the district court's judgment that denied Rivera's petition.
 
 
 3
 Rivera's claims of ineffective assistance of counsel present mixed questions of law and fact that are freely reviewable by this court on appeal. Strickland v. Washington, 466 U.S. 668, 698 (1984). To prevail Rivera must overcome a strong presumption that his attorney's conduct fell within a "wide range of reasonable professional assistance." Id. at 689. He must also show that, but for counsel's deficient performance, the result of his trial would probably have been different. Id. at 687, 695. On review, counsel's performance is evaluated in light of all the circumstances as they existed at the time of the alleged error. Id. at 690.
 
 
 4
 The presentation of Rivera's diminished capacity defense was flawed but it was not constitutionally deficient under all of the circumstances of the case. Rivera's trial began on February 5, 1979. He had been examined by the state's psychologist on October 16, 1978. In addition, Rivera's counsel had Rivera examined by Dr. Kobes, a psychiatric biochemist. He also had Rivera's blood tested by a laboratory. It appears, that counsel was proceeding on the theory that Rivera's capacity was diminished by the biochemical effects of fatigue and alcohol abuse. This was not unreasonable in light of the testimony that Rivera later gave at trial. However, in early December counsel learned from Dr. Kobes that his initial theory was incomplete.
 
 
 5
 Rivera's counsel raised this issue with the trial court at a bond hearing, on January 17, 1979. He advised the court that he was having trouble in obtaining funds from Rivera's family for an additional examination, and the court suggested that it would sign an ex parte order for additional funds if necessary. On January 19, 1979, counsel filed a notice that listed Drs. Kobes, Robey and Koson as possible witnesses for Rivera's diminished capacity defense. Counsel spoke with Dr. Robey in January, however an examination was not arranged with Robey's associate, Dr. Koson, until February 3, 1979. Koson agreed to examine Rivera on February 6, 1979, the second day of his trial.
 
 
 6
 On the morning of February 5, 1979, counsel advised the court that a continuance might be necessary to accommodate Dr. Koson's examination. Prior to taking Koson's testimony, counsel sought a ruling from the court that would have restricted the prosecution's inquiry into the timing of the examination. That motion was denied and counsel immediately entered a motion for a continuance which was also denied.
 
 
 7
 During cross-examination the prosecution was able to elicit the following pertinent testimony from Dr. Koson:
 
 
 8
 Q. Doctor, how long did you talk to the defendant?
 
 
 9
 A. About an hour.
 
 
 10
 Q. When did you talk to the defendant?
 
 
 11
 A. This afternoon.
 
 
 12
 Rivera argues that this exchange completely destroyed Koson's testimony.
 
 
 13
 Dr. Koson's untimely examination cannot be justified or explained by counsel's strategy. Nevertheless, this is not a case where the attorney completely failed to investigate or present an essential element of his client's defense. Cf. Kimmelman v. Morrison, 477 U.S. 365, 391 (1986); Blackburn v. Foltz, 828 F.2d 1177 (6th Cir.1987), cert. denied, 108 S.Ct. 1247 (1988); Rice v. Marshall, 816 F.2d 1126, 1132 (6th Cir.1987). While counsel's performance was not perfect, it was not incompetent given the deferential standard of review that is appropriate under Strickland v. Washington, 466 U.S. at 689. Cf. Dick v. Scroggy, 882 F.2d 192, 197 (6th Cir.1989); United States v. Bavers, 787 F.2d 1022, 1029-30 (6th Cir.1985).
 
 
 14
 Moreover, Rivera did not suffer any prejudice by his counsel's failure to schedule an earlier examination. It is doubtful that the substance of Dr. Koson's extensive testimony could have been significantly more favorable to the defense even if he had been able to examine Rivera earlier or for a longer period of time. In addition, counsel was able to rehabilitate Koson's testimony on re-direct. Cf. Cobb v. Perini, 832 F.2d 342, 348 (6th Cir.1987), cert. denied, 108 S.Ct. 1998 (1988). Counsel also advanced a diminished capacity defense through other evidence, including Rivera's own testimony. Nevertheless, the jury could easily have chosen to credit the evidence that was presented by the prosecution on premeditation, including the testimony of the state's psychologist. Cf. United States v. Newman, 889 F.2d 88 (6th Cir.1989). Under these circumstances, Rivera has not met his burden of showing that the outcome of his trial would have been different but for his counsel's alleged errors. See Chandler v. Jones, 813 F.2d 773, 781-82 (6th Cir.1987).
 
 
 15
 Rivera also argues that his attorney was ineffective because he questioned a prosecution witness on Rivera's assertion of his right to counsel after his arrest. The district court found that counsel was attempting to corroborate Rivera's claim of diminished capacity by establishing his detached state of mind after the shooting. This factual finding is not clearly erroneous. It supports the legal presumption that Rivera's attorney was pursuing a reasonable trial strategy. See Strickland, 466 U.S. at 689; Paprocki v. Foltz, 869 F.2d 281, 287-88 (6th Cir.1989). Rivera's arguments are not sufficient to overcome this presumption. See Cobb v. Perini, 832 F.2d at 347.
 
 
 16
 This is particularly so because counsel's strategy did not prejudice Rivera's defense. There was no per se due process violation because the reference to Rivera's assertion of his rights was not used to "impeach an explanation that he subsequently offered at trial." Compare Doyle v. Ohio, 426 U.S. 610, 617 (1975) with United States v. Drake, 885 F.2d 323, 324 (6th Cir.1989) and Paprocki, 869 F.2d at 287-88. Furthermore, there was other overwhelming evidence of guilt that eliminates any likelihood that the result of the trial would have been different if this testimony had been excluded. Cf. Drake, 885 F.2d at 324; Watson v. Marshall, 784 F.2d 722, 726 (6th Cir.1985), cert. denied, 476 U.S. 1107 (1986).
 
 
 17
 Finally, Rivera argues that he was denied adequate representation and his right to present a defense by the trial court's refusal to grant a continuance for further psychiatric examination. Whether a continuance is appropriate depends on the facts and circumstances of the case including the possibility of identifiable prejudice to the accused. Wilson v. Mintzes, 761 F.2d 275, 281 (6th Cir.1985). The trial court did not abuse its discretion by refusing a continuance in the instant case because the results of an additional psychiatric examination would have been cumulative at best. See United States v. Eisenberg, 807 F.2d 1446, 1455 (8th Cir.1986); Foots v. State of Louisiana, 793 F.2d 610, 611-12 (5th Cir.1986); Kordenbrock v. Scroggy, 889 F.2d 69 (6th Cir.1989). In addition, a continuance was not required to further rehabilitate Dr. Koson's testimony because, as previously noted, the timing of Koson's examination did not significantly affect the outcome of Rivera's trial.
 
 
 18
 Rivera's counsel was not ineffective in his preparation of a diminished capacity defense because his conduct was not deficient and Rivera was not prejudiced in light of all of the circumstances of the case. Nor was counsel ineffective in eliciting testimony on Rivera's assertion of his right to an attorney because this action was part of a reasonable trial strategy and because it did not prejudice Rivera's defense. Finally, the trial court did not abuse its discretion by refusing to grant a continuance that was requested to facilitate the preparation of cumulative testimony when Rivera was not prejudiced by the testimony that had already been given in his trial. For these reasons, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas G. Hull, Chief U.S. District Judge for the Eastern District of Tennessee, sitting by designation