916 F.2d 713
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel E. BRICKLEY and Rick Seefeldt, Defendants-Appellants.
 Nos. 90-5182, 90-5183.
 United States Court of Appeals, Sixth Circuit.
 Oct. 19, 1990.
 
 Before KENNEDY and RALPH B. GUY, Jr., Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Appellants were charged with possession with intent to distribute marijuana after state troopers who had stopped them under suspicion of DUI found more than 200 pounds of marijuana in the trunk of a car owned by Seefeldt and operated by Brickley. Appellants moved to suppress the drugs and statements they made at the scene as the fruit of an illegal stop and search. The district court denied the suppression motion, and the appellants were convicted after a jury trial. They now appeal, urging that the district court erred in denying their suppression motions and alleging that they were prejudiced by several errors at trial. For the reasons stated below, WE AFFIRM.
 
 I. The Stop
 
 2
 Appellants allege that the traffic stop was a pretext to search for drugs and therefore violated the Fourth Amendment.[1] See United States v. Guzman, 864 F.2d 1512, 1517 (10th Cir.1988), United States v. Smith, 799 F.2d 704, 711 (11th Cir.1986); contra United States v. Causey, 834 F.2d 1179 (5th Cir.1987); United States v. Trigg, 878 F.2d 1037 (7th Cir.1989). However, at the suppression hearing, the district court found that the officers had reasonable suspicion to stop defendants for DUI and that this was the reason for which they were stopped. The court additionally found that Brickley consented to the search of the car in which the drugs were found.[2] Because this court will not disturb a district court's factual findings at a suppression hearing unless they are clearly erroneous, United States v. Pino, 855 F.2d 357 (6th Cir.1989), cert. denied, 110 S.Ct. 1160 (1990), we need not address the question of whether a pretextual stop violates the Fourth Amendment, and we find that the suppression motion was properly denied.
 
 II. Motions for Acquittal
 
 3
 Appellants additionally assert that the district court erred in denying their motions for acquittal and that the evidence was insufficient to support the verdict. These arguments are without merit. The government presented evidence from which each element of the crime could be found as to each defendant. Therefore, viewing the evidence in the light most favorable to the government, Jackson v. Virginia, 443 U.S. 307 (1979), a reasonable mind could fairly find guilt beyond a reasonable doubt, and the motions for acquittal were properly denied. United States v. Gibson, 675 F.2d 825, 829 (6th Cir.), cert. denied, 459 U.S. 972 (1982); United States v. Tilton, 714 F.2d 642, 645 (6th Cir.1983).
 
 III. Jury Instructions
 
 4
 Appellant Brickley asserts that the trial court erred in the jury instructions by providing a theory about Seefeldt that was not applied to Brickley. The court instructed the jury that the government's theory of the case was that both defendants possessed the marijuana with intent to distribute it. The court further instructed the jury that if they found that defendant Seefeldt did not possess the marijuana as the law defines possession, then the government contended that Seefeldt aided and abetted Brickley in the commission of the crime. Correspondingly, the judge instructed the jury that both defendants contended that the government had not proven the elements of the crime, and that defendant Seefeldt further contended that the government had not proved complicity.
 
 
 5
 No complicity instruction was given with regard to Brickley, nor would one have been appropriate. An instruction will not be given if it lacks evidentiary support or is based on mere suspicion or speculation. United States v. Duncan, 850 F.2d 1104, 1116 (6th Cir.1988), cert. denied, 110 S.Ct. 732 (1990). No evidence was adduced at trial that would support a finding that Brickley did not possess the marijuana but had aided and abetted Seefeldt's possession.
 
 
 6
 Brickley argues on appeal that he could have been an unwitting courier and that the jury instructions omitted that theory. However, the record shows that the court provided the following instructions:
 
 
 7
 A person who knowingly has direct, physical control over a thing at a given time is then in actual possession of it....
 
 
 8
 An act or failure is knowingly done if done voluntarily and intentionally and not because of mistake or other innocent reason.
 
 
 9
 Additionally, the court instructed the jury that they could not find the defendant guilty unless they found every element of the offense as defined in the instructions beyond a reasonable doubt. These instructions made clear that the jury had to find beyond a reasonable doubt that Brickley knowingly had control over the marijuana in order to convict him of possession. Accordingly, we find that the jury instructions given sufficiently addressed the unwitting courier theory.
 
 
 10
 Seefeldt asserts on appeal that the trial court erred in setting forth the theories of each party for the jury. However, because he did not object to these instructions at trial, this issue is not properly before this court on appeal.
 
 IV. Closing Argument
 
 11
 During closing argument the prosecutor asserted that the "undisputed evidence" had shown that after the officers found the marijuana in the car Brickley was driving he said, "Well, I guess I made y'alls day." Brickley contends that this statement was an improper comment on his failure to testify, asserting that because the statement was attributed to him, only he could have disputed it. Assuming without deciding that this remark could be interpreted as a comment on Brickley's failure to take the stand, we find that the statement was harmless. In United States v. Drake, 885 F.2d 323, 324 (6th Cir.1989), cert. denied, 110 S.Ct. 750 (1990), this court set forth a four part test for determining whether comments on an accused's failure to testify require reversal:
 
 
 12
 1) Were the comments "manifestly intended" to reflect on the accused's silence or of such character that the jury would "naturally and necessarily" take them as such;
 
 
 13
 2) Were the remarks isolated or extensive;
 
 
 14
 3) Was the evidence of guilt otherwise overwhelming;
 
 
 15
 4) What curative instructions were given, and when.
 
 
 16
 In this case, the remarks were limited to a single instance that at most indirectly referenced the accused's silence, and the evidence of guilt was otherwise overwhelming. Furthermore, while specific curative instructions could only have compounded any prejudicial effect of the remark, the trial court did instruct the jury that no inference could be drawn from the defendant's failure to testify. Accordingly, under the standard set forth in Drake, we find that these remarks were not reversible error.
 
 
 17
 Seefeldt also states on appeal that he was prejudiced by remarks made by the prosecutor during his rebuttal. During his own closing, counsel for Seefeldt argued:
 
 
 18
 If I give you my car and you go out and you put dope in the car while you're driving around Ripley or somewhere, does that make me guilty of knowing what you put in my car?
 
 
 19
 In rebuttal, the prosecutor argued that the jury could infer that Seefeldt knew the car contained drugs from his conduct at the scene and stated: "Don't be led down the primrose path of nobody knowing nothing."
 
 
 20
 The district court overruled Seefeldt's objection to this remark as a fair response to Seefeldt's argument. We agree. Seefeldt's counsel argued that the government had not proven knowledge, an essential element of the crime charged. The prosecutor's rebuttal merely argued the inference of this element from the evidence presented at trial. In the leading case on prosecutorial misconduct at trial, the United States Supreme Court held that the prosecutor could "strike hard blows but not foul ones." Berger v. United States, 295 U.S. 78, 88 (1935). The prosecutor's conduct in this case falls within that standard. Furthermore, in United States v. Krebs, 788 F.2d 1166, 1177 (6th Cir.), cert. denied, 479 U.S. 930 (1986), this court held that in order to warrant a new trial, prosecutorial misconduct must be so pronounced and persistent that it permeates the entire atmosphere at trial. Under this standard, even if we agreed that the prosecutor mischaracterized Seefeldt's argument, reversal would not be appropriate.
 
 
 21
 Finally, at the close of the bench conference in which the court heard Seefeldt's objection to the prosecutor's rebuttal, the trial judge told Seefeldt's counsel to "Go get back where you belong." Seefeldt argues that this statement was derogatory and could have affected the jury's perception of Seefeldt's case. We disagree. First, the record shows that this statement took place at the bench, "out of the presence of the jury." Furthermore, this statement, even if heard by the jury, was not on its face so derogatory as to deprive Seefeldt of a fair trial. Compare United States v. Worthington, 698 F.2d 820, 827 (6th Cir.1983), with United States v. Hickman, 592 F.2d 931, 932-36 (6th Cir.1979). Additionally, the record shows that the judge was otherwise impartial, and Seefeldt does not argue to the contrary. Accordingly, we conclude that no error was committed.
 
 V. Conclusion
 
 22
 Because none of the errors alleged individually or cumulatively warrant reversal, the appellants' convictions are AFFIRMED.
 
 
 
 [1]
 Appellant Brickley also asserts that the stop was unreasonable because he was operating his vehicle properly when he was pulled over. However, the trial court found at the suppression hearing that Brickley was weaving. Because this finding was not clearly erroneous, United States v. Pino, 855 F.2d 357 (6th Cir.1989), cert. denied, 110 S.Ct. 1160 (1990), we reject Brickley's argument
 
 
 [2]
 Seefeldt implies in his brief that Brickley could not validly consent to the car search because the officers knew that Brickley did not own the car and knew that the car's owner was available to consent. This argument is unpersuasive. In United States v. Matlock, 415 U.S. 164, 171 & n. 7 (1974), the Supreme Court held that persons having common access or control over property can give officers lawful authority to search. See also Schneckloth v. Bustamonte, 412 U.S. 218, 245-46 (1973); Frazier v. Cupp, 394 U.S. 731, 740 (1969). The fact that the owner is available does not alter this analysis. The holding of Matlock does not rest on some sort of implied agency, which could be vitiated by the availability of the principal, but on the reduced expectation of privacy that naturally accompanies shared control. 415 U.S. at 171 n. 7. See also United States v. Morales, 861 F.2d 396, 399-400 (3d Cir.1988) (search consented to by the driver of a rental car was valid against the car's lessee, even though lessee was present and silent); 1 W. LaFave & J. Israel, Criminal Procedure Sec. 3.10, at 352 (1984). Accordingly, we hold that Brickley's consent was valid against Seefeldt