966 F.2d 1454
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Johnny Ray ROACH, Sr., Defendant-Appellant,
v.
Neil RONE, Warden, et al., Plaintiffs-Appellees.
 No. 91-5888.
 United States Court of Appeals, Sixth Circuit.
 June 2, 1992.
 
 Before RALPH B. GUY, Jr., BOGGS and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from a denial of a suit seeking a writ of habeas corpus, filed pursuant to 28 U.S.C. §§ 2241 and 2254. Defendant challenges his state court convictions on grounds of insufficient evidence, prosecutorial misconduct, and improper jury instructions. The district court found against the defendant on all grounds. We affirm.
 
 
 2
 * On January 4, 1988, Johnny Ray Roach, Sr. was indicted in Tennessee state court for possession of more than 30 grams of cocaine with intent to sell or deliver and for possession of marijuana with intent to sell or deliver. On May 31, 1988, Roach was convicted on both counts and received a 50-year prison sentence for the cocaine conviction and a concurrent 5-year sentence for the marijuana conviction. He was also assessed $31,000 in fines. On direct appeal to the Tennessee Court of Criminal Appeals, Roach's convictions and sentences were affirmed. His application for permission to appeal to the Tennessee Supreme Court was denied. On July 18, 1989, a petition for post-conviction relief was filed in the Circuit Court of Madison County, Tennessee. The petition before us on appeal for federal habeas corpus relief was filed on December 5, 1990, prior to a ruling on the state court petition. The district court denied a motion to dismiss for failure to exhaust state remedies, holding that under the circumstances, the state court process was ineffective to protect the defendant's rights.
 
 
 3
 After several months of surveillance establishing probable cause to believe that large-scale drug activity was occurring, police executed a search warrant at Roach's residence, a mobile home at 503 Seavers Road Extended in Jackson, Tennessee, on November 13, 1987. Five members of a tactical unit and three regular police officers carried out the search. At around 10:00 to 10:30 p.m., the officers arrived at Roach's property, knocked at the door, called out and identified themselves as police officers. Receiving no answer, they forced entry into the trailer and conducted a search. They also searched the backyard area, where they found a large gray garbage bag containing two large bags of marijuana under a pile of brush. Two buried coffee cans containing cocaine and marijuana were unearthed. Marijuana was also found in the dresser of the master bedroom. Drug paraphernalia was found in a shed in the backyard, and pipes used for smoking marijuana were found in the backyard at the end of a well-used path. During the search, defendant and a female companion drove up in his car. The officers approached him and asked him to stop. He started to back up but then stopped when asked again to do so. A package of marijuana cigarettes was found in the car. In all, 1,071.3 grams of marijuana and 258.8 grams of cocaine were found on Roach's premises.
 
 
 4
 In the district court, the defendant challenged his conviction on grounds of insufficient evidence, prosecutorial misconduct, and improper jury instructions that wrongly relieved the prosecution of its burden of proving beyond a reasonable doubt that the defendant possessed the drugs and the property on which they were found. The district court found against defendant on all grounds and denied the writ of habeas corpus. On July 22, 1991, the district court granted defendant's motion for certificate of probable cause to appeal.
 
 II
 
 5
 The first issue on appeal is whether sufficient evidence existed to uphold defendant's convictions for drug possession. When reviewing the sufficiency of the evidence, this court must determine, viewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 313-24 (1979). Under Tennessee law, possession may be actual or constructive. "Constructive possession requires that a person knowingly have 'the power and the intention at a given time to exercise dominion and control over an object, either directly or through others.' " State v. Williams, 623 S.W.2d 121, 125 (Tenn.Crim.App.1981) (citations omitted).
 
 
 6
 Roach contests the proof of possession, claiming that the government presented no evidence specifically proving the boundaries of Roach's property or proving that the area in the backyard where drugs were discovered was actually part of the defendant's premises. He argues that there is no evidence that he was the owner of the drugs, as the evidence only proves that he resided at the property, not that he possessed the drugs. He also argues that these drugs could have belonged to his son, Johnny Ray Roach, Jr. who lived on the premises as well. See United States v. Staten, 581 F.2d 878 (D.C.Cir.1978) (court acknowledges problem of determining control over and knowledge of drugs on premises when more than one person resides); United States v. Rodriguez, 761 F.2d 1339, 1339-40 (9th Cir.1985). Finally, the defendant contests the evidence that he tried to leave the scene and that he possessed the marijuana cigarettes found in his car.
 
 
 7
 However, the district court held that there was indeed evidence that the premises in question were in the possession of the petitioner, including the defendant's own statement that he lived there. The district court also noted evidence that a substantial drug operation occurred on the premises and that the contraband was located in an area of the backyard that a rational jury could have found was part of petitioner's premises. Finally, the district court noted that when the defendant arrived on the premises, he immediately tried to leave and that marijuana cigarettes were found in his possession.
 
 
 8
 Defendant's arguments merely challenge the interpretation of the evidence. However, these do not refute the district court's finding that a rational juror could have found the essential elements of the crime beyond a reasonable doubt, as the jury in fact did here. As noted by the government, although possession of a residence alone is insufficient to establish possession of all the contents of the residence, this case does not rely on possession of the residence alone to establish possession of the drugs. United States v. Cravens, 478 F.2d 1329, 1333-34 (6th Cir.), cert. denied, 414 U.S. 866 (1973). In addition, there was the scope of the drug activity taking place on defendant's premises; defendant's awareness of that activity (trying to leave); his possession of marijuana; and his control over the premises. These facts, taken together as a whole in the light most favorable to the prosecution, provide sufficent proof that a reasonable juror could conclude that the defendant was in constructive possession of the confiscated drugs.
 
 III
 
 9
 The defendant contends that the prosecutor wrongly commented on his right to remain silent, thus wrongly shifting the burden of proof to him. During his closing argument, the prosecuting attorney made the following comments:
 
 
 10
 I want you to pay attention to what I anticipate that the Judge will instruct you, that there is an inference that illegal narcotics found on the premises of either property owned by you or property that you are in charge of, they are their drugs. [sic] But that can be rebutted. There is absolutely no rebuttal proof in the record whatsoever.
 
 
 11
 Defense counsel objected to this at trial as an improper comment on the defendant's silence, but did not request a curative instruction.
 
 
 12
 Before granting habeas relief, the prosecutor's statements must be so egregious as to render the trial fundamentally unfair. This determination is to be made by evaluating the totality of the circumstances surrounding each individual case. Hearn v. Mintzes, 708 F.2d 1072, 1077 (6th Cir.1983) (citations omitted). Four criteria are used to review a claim of improper comment by a prosecutor:
 
 
 13
 1) Were the comments "manifestly intended" to reflect on the accused's silence or of such a character that the jury would "naturally and necessarily" take them as such;
 
 
 14
 2) Were the remarks isolated or extensive;
 
 
 15
 3) Was the evidence of guilt otherwise overwhelming;
 
 
 16
 4) What curative instructions were given, and when.
 
 
 17
 Ibid.
 
 
 18
 Applying these criteria, the district court found that the prosecutor's comments were not improper. The court noted that only one comment was made and it was one that was not intended to reflect upon the defendant's failure to testify, but rather, was intended to reflect on the evidence taken as a whole. Additionally, the district court held that, even though no curative instruction was requested, the trial judge's preliminary and final jury instructions clearly set out the government's burden of proof.
 
 
 19
 On appeal, the defendant cites case law that does not refute the district court's conclusion. These cases, where habeas relief has been granted based on impermissible comments on a defendant's failure to testify, involve comments where the prosecutor directly referred to the defendant's unwillingness to talk. No such comment occurred here. See Rachel v. Bordenkircher, 590 F.2d 200 (6th Cir.1978); Eberhardt v. Bordenkircher, 605 F.2d 275 (6th Cir.1979). Rather, the comment made here by the prosecutor in closing argument is the kind of comment that this court has held is permissible:
 
 
 20
 Juries routinely are instructed in criminal cases that defendants need not testify or produce evidence and that no adverse inferences may be drawn therefrom. Thus, prosecutors are not allowed specifically to call attention to the defendant's failure to produce evidence. This does not mean, however, that a prosecutor cannot summarize the evidence and comment upon both its quantitative and qualitative significance. Arguably, every time a prosecutor says "the evidence is overwhelming" or "the evidence is 100 percent," or "every witness who testified told you the same story," it could be construed as highlighting the fact that the defense produced no contrary evidence. Yet, such comments are certainly proper. The government is not forbidden to comment on the strength of its proofs; otherwise we take "argument" out of closing argument and reduce it to a flaccid resume of the evidence. We must not lose sight of the fact that what is sought to be prevented is the government conveying to the jury that a defendant is under some kind of duty to testify or produce evidence.
 
 
 21
 United States v. Drake, 885 F.2d 323, 323-24 (6th Cir.1989), cert. denied, 493 U.S. 1049 (1990) (footnote omitted) (emphasis in original). The prosecutor's comment in no way conveyed that the defendant had any duty to testify or produce evidence.
 
 IV
 
 22
 Another issue on appeal is whether the following jury instruction violated the defendant's constitutional rights.
 
 
 23
 There is an inference that when illegal drugs are found on premises owned or in the possession of a Defendant, that those illegal drugs belong to the person in possession of the premises; however, this is a rebuttal [sic] inference that may be explained by the facts and circumstances of the case.
 
 
 24
 The defendant argues that this instruction amounted to an evidentiary presumption that relieved the prosecution of its burden of proving beyond a reasonable doubt that defendant had possession or control over the premises on which the drugs were found.
 
 
 25
 Whether or not a jury instruction has improperly relieved the prosecutor of his burden of proof is determined by whether or not the instruction creates a mandatory presumption or merely a permissive inference. Francis v. Franklin, 471 U.S. 307 (1985).
 
 
 26
 A mandatory presumption instructs the jury that it must infer the presumed fact if the State proves certain predicate facts. A permissive inference suggests to the jury a possible conclusion to be drawn if the State proves predicate facts, but does not require the jury to draw that conclusion.
 
 
 27
 Id. at 314 (footnotes omitted). Under a permissive inference, the prosecution still retains the burden of persuading the jury that the suggested conclusion should be inferred from the facts that have been proven. Ibid.
 
 
 28
 The district court held that the challenged instruction created only a permissive inference, as it contained no mandatory language and clearly stated that the inference may be explained away by the facts and circumstances of the case. The district court did not err in his holding.
 
 
 29
 Defendant's final claim is that the search and seizure conducted prior to his arrest violated his fourth amendment rights and that the seized drugs were unconstitutionally obtained evidence. The standard for review of such a claim is set forth in Stone v. Powell, 428 U.S. 465, 494-95 (1976), which holds that where the state has provided an opportunity for full and fair litigation of a fourth amendment claim, a state prisoner may not be granted habeas corpus relief on the grounds that evidence obtained unconstitutionally was admitted at trial. See also Moore v. Cowan, 560 F.2d 1298, 1302 (6th Cir.1977), cert. denied, 435 U.S. 929 (1978)..
 
 
 30
 Applying Stone v. Powell, the district court denied defendant's fourth amendment claim. The defense counsel had filed a motion to suppress evidence, a full evidentiary hearing was conducted on the issue and the trial court denied the motion. The fourth amendment issue was also raised on direct appeal in the Tennessee Court of Criminal Appeals, which affirmed the trial court's ruling. Given all these factors, we hold that the district court correctly found that the state had provided an opportunity for full and fair litigation of the defendant's fourth amendment claims and therefore defendant may not be granted habeas relief on these grounds.
 
 V
 
 31
 Based on the above, we AFFIRM the district court's denial of defendant's request for habeas corpus relief.