

Opinions of the United
States Court of Appeals
for the Third Circuit

8-16-1996

# United States v. Balter

Precedential or Non-Precedential:

Docket 94-5593,94-5625,94-5626

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1996

Recommended Citation

"United States v. Balter" (1996). *1996 Decisions.* Paper 131.
http://digitalcommons.law.villanova.edu/thirdcircuit_1996/131

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1996 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 94-5593, 94-5625, 94-5626
_____

UNITED STATES OF AMERICA

v.

RICHARD BALTER
     Appellant No. 94-5593


UNITED STATES OF AMERICA

v.

KENNETH CUTLER
     Appellant No. 94-5625


UNITED STATES OF AMERICA

v.

CHRIS OSCAR DEJESUS
     Appellant No. 94-5626
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Criminal Nos. 93-00536-1, 93-00536-2 and 93-00536-4)
_____

Argued: March 6, 1996
Before:  MANSMANN, ALITO, and LEWIS, Circuit Judges

(Order Filed: August 16, 1996)
_____

ORDER
_____


     The opinion in this case is hereby amended as follows:
     1.  The paragraph that begins at the bottom of page 5 and continues on page 6 is
amended as follows.  The first four sentences are deleted and the following is inserted:

          On January 8, 1993, Balter and Gil drove to Cohen's
     home near Peekskill, New York.  They considered ambushing

Cohen in his own neighborhood but concluded that Cohen's business in the Bronx would be a better location for the killing. While Balter and Gil were near Cohen's house, his housekeeper spotted them and became suspicious.

2. The paragraph that begins at the bottom of page 24 and continues at the top of page 25 is amended as follows. The current paragraph is deleted and the following is inserted:

DeJesus correctly points out that the prosecution may not comment on a defendant's failure to testify and may not improperly suggest that the defendant has the burden to produce evidence. United States v. Parker, 903 F.3d 91, 98 (2d Cir.), cert. denied, 498 U.S. 872 and 874 (1990); United States v. Drake, 885 F.2d 323 (6th Cir. 1989), cert. denied, sub nom.Clark v. United States, 495 U.S. 1033, and cert. denied, 493 U.S. 1049 (1990). But the prosecutor did not do that; he commented on the failure of DeJesus's attorney to point to any evidence in the record supporting his theory of what occurred. Such a comment does not implicate any of the burden-shifting concerns that are raised when a prosecutor points to a defendant's failure to testify or improperly suggests that the defendant has the burden of producing evidence. See United States v. Gotchis, 803 F.2d 74, 81 (2d Cir. 1986) (noting without reaching the issue that a court "would place especially undesirable constraints on the government by precluding . . . comments [on the absence of evidence to rebut its case] where defense counsel himself has suggested the alternative theory that the prosecutor then undertakes to debunk").

/s/ Samuel A. Alito, Jr.

_____
Circuit Judge

DATED: August 16, 1996