**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0317n.06
Filed: May 5, 2006

**No. 05-3430**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**


| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiffs-Appellee, | ) | |
| | ) | **ON APPEAL** FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | SOUTHERN DISTRICT OF OHIO |
| **BRYAN K. BROWN**, | ) | |
| | ) | **OPINION** |
| Defendant-Appellant. | ) | |
| | ) | |


BEFORE:    **BOGGS and SUTTON, Circuit Judges, and SCHWARZER,**[*] **Senior District Judge**

**WILLIAM W SCHWARZER, Senior District Judge.**  Defendant-Appellant Bryan K. Brown appeals his conviction, following a jury trial, for unlawful possession of a firearm by a felon. 18 U.S.C. §§ 922(g)(1), 924(a)(2).  We affirm, finding Brown's arguments to lack merit.  Because the parties are familiar with the facts, we need not recite them.

In reviewing the denial of a motion to suppress, we must "consider the evidence in the light most favorable to the government" and accept the factual findings supporting the district court's decision "unless they are clearly erroneous." *United States v. Harris*, 255 F.3d 288, 291-92 (6th Cir. 2001).  Brown argues that the district court erred in denying his suppression motion because it did

---

[*]The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

not determine and preserve in the record the actual words used by Officer Sala to Mirandize Brown.

Uncertainty as to the form of Sala's *Miranda* warning, however, does not render clearly erroneous

the court's decision to credit Sala's testimony that Brown was notified of and understood his

*Miranda* rights. The Supreme Court has held that the sufficiency of a *Miranda* warning depends

upon the warning's substance, rather than the specific language used. *See Missouri v. Seibert*, 542

U.S. 600, 611 (2004).

Evidentiary rulings are reviewed for abuse of discretion. *United States v. Carney*, 387 F.3d

436, 452 (6th Cir. 2004). However, since Brown did not merely fail to object at trial to questioning

and testimony regarding his criminal history, but expressly consented to it, he has waived his right

to assert error on appeal. *United States v. Sloman*, 909 F.2d 176, 182 (6th Cir. 1990) ("An attorney

cannot agree in open court with a judge's proposed course of conduct and then charge the court with

error in following that course."); *see also United States v. Sharpe*, 996 F.2d 125, 129 (6th Cir. 1993).

Even if Brown had not consented to the admission of criminal history evidence, his evidentiary

challenges lack merit.[1]

We review de novo allegations of prosecutorial misconduct. *United States v. Tarwater*, 308

F.3d 494, 510-11 (6th Cir. 2002). Although Brown alleges three instances of misconduct in the

---

[1] First, Brown argues that Sala's testimony contained inadmissible hearsay. The Sixth Circuit, however, treats such explanatory testimony as nonhearsay. *See United States v. Gholston*, 10 F.3d 384, 388 (6th Cir. 1993) ("The detectives were simply asked to explain the background of the case and the reasons for their various actions. Accordingly, we detect no hearsay problem."). Second, Brown argues that the court erred in allowing Sala to read his felony-arrest report on redirect examination. Sala's reading, however, was permissible as rehabilitation of his testimony following efforts to impeach his credibility. *See United States v. Denton*, 246 F.3d 784, 789 (6th Cir. 2001).

government's closing arguments, he fails to demonstrate the impropriety of the government's statements. *See United States v. Forrest*, 402 F.3d 678, 686 (6th Cir. 2005). The government had properly introduced into evidence the matters it summarized during closing argument, *United States v. Drake*, 885 F.2d 323, 324 (6th Cir. 1989), and did not violate Brown's Fifth Amendment rights by asking the jury to consider hypothetically whether his postarrest statements were those of an innocent party, *United States v. Green*, 305 F.3d 422, 430 (6th Cir. 2002).

Brown argues that the court lacked authority to ask a jury that had returned a verdict to answer additional, sentence-related interrogatories. Any error in the request was harmless since the jury had already convicted Brown. *Cf. United States v. Thomas*, 167 F.3d 299, 305 (6th Cir. 1999) (finding no prejudice from postverdict delay in resentencing).

Although not raised as an independent issue, Brown argues at numerous points in his brief that his trial counsel provided him with ineffective assistance. The Sixth Circuit, however, generally does not accept ineffective assistance claims on direct review. *United States v. Frazier*, 423 F.3d 526, 539 (6th Cir. 2005). An insufficient record exists in the present case since only a trial transcript has been provided. *See United States v. Goodlett*, 3 F.3d 976, 980 (6th Cir. 1993); *see also Strickland v. Washington*, 466 U.S. 668, 681 (1984).

For the reasons stated, we AFFIRM the judgment.