NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0619n.06

Case No. 08-1644

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Aug 31, 2009**
LEONARD GREEN, Clerk

| | |
|---|---|
| UNITED STATES of AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE |
| | ) UNITED STATES DISTRICT |
| EZELL JOHNSON, | ) COURT FOR THE EASTERN |
| | ) DISTRICT OF MICHIGAN |
| Defendant-Appellant. | ) |
| | ) |
| _____ | ) |

BEFORE: BATCHELDER, Chief Judge; KENNEDY and McKEAGUE, Circuit Judges.

ALICE M. BATCHELDER, Chief Judge. Defendant Ezell Johnson appeals his conviction in the district court on drug trafficking and firearms charges, complaining that the court abused its discretion by allowing the government to introduce certain other-acts evidence. For the reasons that follow, we AFFIRM.

Two police officers on patrol in an area of known drug activity observed a woman standing next to the driver's side door of a parked minivan, in which a man was seated. Recognizing the woman as a known drug user, the officers pulled their police cruiser up to the minivan and turned on their spotlight. The woman fled and the minivan's occupant, subsequently identified as the defendant Johnson, exited the minivan, locking the keys inside. The officers detained Johnson and, looking through the minivan's window, saw a loaded semi-automatic rifle and 45 baggies of crack cocaine lying on the floor of the van. The officers arrested Johnson and took him to the precinct, where a federal agent from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF")

advised him of his *Miranda* rights and questioned him. During questioning, Johnson admitted to having sold drugs in the past. He was charged and released.

Based on the gun and the 45 baggies of crack (totaling 8.72 grams), the grand jury indicted Johnson on three charges: (1) felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); (2) possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a); and (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). In a superseding indictment, the grand jury charged Johnson with two additional crimes: (4) making a threat against a federal law enforcement officer, in violation of 18 U.S.C. § 115; and (5) another felon-in-possession-of-a-firearm count.[1] Johnson entered a "not guilty" plea and proceeded to jury trial. A week before the commencement of the trial, the government filed a notice of its intent to use F.R.E. 404(b) evidence at trial, by presenting through the ATF agent's testimony, Johnson's statement that he had sold drugs in the past. Defense counsel did not object. In fact, when the court asked defense counsel if he had any objection to the evidence, he said "to the extent it is admissible through [the ATF agent] and is otherwise relevant, I wouldn't have any objections." Further, when the court observed that the government would apparently be offering that evidence as "relating to intent and knowledge in the absence of mistake or accident," and inquired whether defense counsel "acknowledge[d] the value of the evidence for that purpose," defense counsel responded, "Yes."

The jury convicted Johnson on Counts 1, 2, and 3, and acquitted him on Count 4. The court sentenced him to concurrent terms of 70 months in prison on Counts 1 and 2, with a mandatory consecutive term of 60 months on Count 3. Johnson appeals the conviction.

---

[1]The government dismissed Count 5 immediately prior to trial.

On appeal, Johnson — represented by the same counsel who represented him at trial — argues solely that the district court abused its discretion by admitting the other acts evidence because its prejudicial effect substantially outweighed its probative value. *See* F.R.E. 403. The government responds that defense counsel affirmatively waived this objection at trial and cannot raise it now.

"An attorney cannot agree in open court with a judge's proposed course of conduct and then charge the court with error in following that course." *United States v. Sloman*, 909 F.2d 176, 182 (6th Cir. 1990). *See also United States v. Brown*, 179 F. App'x 346, 348 (6th Cir. 2006) ("[S]ince Brown did not merely fail to object at trial to questioning and testimony regarding his criminal history, but expressly consented to it, he has waived his right to assert error on appeal."); *United States v. Redditt*, 381 F.3d 597, 602 (7th Cir. 2004) ("When trial counsel affirmatively represents that he has no objection to the admission of certain evidence, he has intentionally waived any argument to the contrary.") (citing *United States v. Pittman*, 319 F.3d 1010, 1012 (7th Cir. 2003)).

After careful review of the record, we conclude that Johnson — via his counsel — affirmatively waived any objection to the introduction of this evidence at trial, and cannot challenge the court's decision on that issue on appeal. We therefore **AFFIRM** the judgment of the district court.